UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2020 NOV -4  AM 11: 32

REGINA LEWIS
    Plaintiff,
v.
SOCIAL SECURITY ADMINISTRATION,
SOCIAL SECURITY ADMINISTRATIVE
JUDGE GALLAGHER, ORANGE COUNTY
DEPARTMENT OF SOCIAL SERVICES,
ORANGE COUNTY COMMISSIONER
DARCIE MILLER LCSW-R, INDEPENDENT LIVING INC.
CHEIF EXECUTIVE OFFICER DOUG HOVEY
    Defendants,

COMPLAINT
42 USC §1983

My Fair hearings for 8136647J-8169395K have been delayed in violation of Hobbs Act 18 U.S.C. § 1951. The defendants Orange County Department of Social Services, Darcie M. Miller LCSW-R Commissioner of Social Services and Mental Health and Independent Living CEO Doug Hovey, Social Security Administration and Judge Gallagher, are robbing me in violation of the Hobbs Act Violation 8 U.S.C. § 1951. The Continuing violation doctrine applies, Pegram v. Honeywell, Inc., 361 F.3d 272, 279 (5th Cir. 2004). The threat of being prematurely discharged from the Independent Living Program unless I continue to be used as a vehicle for Independent Living to receive illegal money from DSS as a Fourth Party and for DSS to recoup $8,213.95 constitutes delay, obstruction, and commerce. My landlord has provided crucial information establishing fraud. As for Fair Hearing number 8169395K the Orange County Department of Social Services was not entitled to recoup $8,213.95. I did not authorize DSS to pay a Fourth party Independent Living any money on my behalf. The Orange County Department of Social Services committed fraud by threatening to prematurely discharge me from the S.P.O.A. rental subsidy program rendering me homeless if I refused to accept DSS. All three programs S.P.O.A., Independent Living and DSS are individual yet acted in concert to rob me. Orange County Department of Social Services paid $300.00 monthly to a Fourth Party Independent Living unbeknownst to me while leading me to believe that $300,00 was being paid directly to my landlord every month and that I was required under policy and law to apply for DSS in order to be accepted in the Independent Living Homeless and Housing program. This incorrect terminology is discrimination and in

violation of the law and S.P.O.A. policy and criteria, thus violating my civil rights pursuant to 42 U.S.C. §1983. I was threatened by County and State representatives through coercion and threats in the presence of my psychologist at the Newburgh Mental Health Clinic, that I could not refuse DSS unless I wanted to be rendered homeless. As a witness you are liable, and I am including you in the lawsuit that I intend to file against the Social Security Administration, Independent Living and Orange County Department of Social Services. The federal Court has jurisdiction under the Fed.R.Civ.P. Rule (2), and 28U.S.C §1331 and 1332. The Social security Administration is in Washington DC. Under the Independent Living contract between myself, Bourne & Kenney Redevelopment, and Independent Living, allegedly my landlord would receive $300,00 of $997,00 from Social Services and $ 697.00 from S.P.O.A. via Independent Living. Based on new evidence I was not required to apply for DSS. New evidence proves that Independent Living agreed to cover my total rent of $997.00 until I procured my own SSI benefits. Upon discovering this new evidence, in retaliation I was terminated from the Independent Living Homeless and Housing Program. This is a breach of contract. Informing me of the intent to arbitrarily terminate me does not negate contractual obligation or vitiate the overall crime in which I was victimized and does violate my due process and right to a reasonable accommodation. It is also discrimination based on my disability. Therefore, to avoid homelessness, I applied for a DSS Public Assistance Grant of $412,00 under the misinformation that $300,00 would go directly to my landlord, Bourne and Kenney. Bourne and Kenney never received a dime from DSS despite my explicit authorization. I never benefited or received $300,00 from DSS. I never authorized Independent Living to receive $300,00 from DSS, nor is payment to Independent Living authorized by law in my case. Independent Living does not own the Bourne and Kenney Redevelopment Low Income Tax Credit Corporation and is not my landlord. I was exploited by DSS and Independent Living for $412,00 a month totaling $8,213.95, of which $300,00 was misdirected. Therefore, no law requires that I repay DSS for money received by Independent Living. It is not legal and thus far DSS has not been forthcoming and provided a statute, title or law or cited any authority that authorizes a Public Assistance Grant payment to a Fourth Party that is not authorized according to the law. I had a provider's meetings and requested the same information that was not and could not be provided to justify the kickback to Independent Living, that DSS stole from me. This is money laundering, and every transfer of $300,00 per month to Independent Living constitutes interstate commerce violations, in violation of 18 U.S. Code § 875, Interstate communications, 18 U.S. Code § 1349.

Wire fraud in violation of 18 U.S. Code § 1343 and Bank fraud in violation of 18 U.S. Code § 1344. Mail fraud 18 U.S. 1341. Also included is an attachment. These defendants' organizations, and agencies have committed fraud in violation of federal law and Judge Gallagher is a witness. My civil rights have been violated. I demand compensatory damages in the sum of $ 8,213.95 times three totaling $24,641.85 against each defendant. The Orange County Department of Social Service has a Municipal liability. Municipal tort liability refers to civil liability imposed on municipal corporations, local, city or state government units for any injury caused on the public property in such area or for any harm caused by their employees. These constitute damages resulting from an injury caused by the municipality's negligent violation of another person's rights when they act in a governmental rather than proprietary role. *Monell v. Department of Social Services*, 436 U.S. 658 (1978), Municipalities can be held liable for violations of Constitutional rights through 42 U.S.C. § 1983. Judge Gallagher is liable. Constitutionally and in fact of law and judicial rulings, state-federal "magistrates-judges" or any government actors, state or federal, may now be held liable, if they violate any Citizen's Constitutional rights, privileges, or immunities, or guarantees; including statutory civil rights. A judge is not immune for tortious acts committed in a purely Administrative, non-judicial capacity. *Forrester v. White, 484 U.S. at 227-229, 108 S. Ct. at 544-545 (1987); Westfall v.Erwin, 108 S. Ct. 580 (1987); United States v. Lanier (March 1997).*

Regina Lewis
21 Kenney Ct.
Newburgh, NY 12550

October 28, 2020



# INDEPENDENT LIVING INC.

www.myindependentliving.org

*Serving people with disabilities in the Mid-Hudson Region since 1987*

July 25, 2018

Bourne & Kenney Apartments
150 Smith Street
Newburgh, NY 12550

To Whom It May Concern:

This letter is to serve as verification/notice that Regina Lewis is a participant in the Office Of Mental Health Supported Housing Program of Independent Living, Inc.

As a participant in the program, Independent Living, Inc. will be responsible for paying the full amount of the rent totaling $997.00 on a monthly basis until Regina secures her own benefits. We will also provide the amount of $775.00 for the required security deposit. She will also be receiving weekly home visits from a case manager for support services.

Once Regina secures benefits, we will calculate her portion of the rent which should be 30% of her income and we will pay the remainder of the rent total. We will forward you notice of this once we have the information.

Thank you for your time and cooperation in this matter.

Valentina DiTomasso
Program Manager for Housing and Homeless Services

5 Washington Terrace, Newburgh, NY 12550
Phone: 845-565-1162 • Fax: 845-565-0567 • Videophone: 845-764-8384

361 E. Main Street, Middletown, NY 10940
Phone: 845-342-1162 • Fax: 845-342-1192

14 Pelham St., East Wing, Monticello, NY 12701
Phone: 845-794-3322 • Fax: 845-794-3323



Rebynn Lewis
21 Kenney Ct.
Newburgh NY 12550

Pro Se
U.S. District Court
500 Pearl St
New York, NY 10007

RECEIVED
SDNY PRO SE OFFICE
2020 NOV -4 AM 11:16