UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA LEWIS,

                Plaintiff,

-against-

SOCIAL SECURITY ADMINISTRATION;
SOCIAL SECURITY ADMINISTRATIVE JUDGE
GALLAGHER; ORANGE COUNTY
DEPARTMENT OF SOCIAL SERVICES; ORANGE
COUNTY COMMISSIONER; DARCIE MILLER
LCSW-R; INDEPENDENT LIVING CHIEF
EXECUTIVE OFFICER DOUG HOVEY,

                Defendants.

20-CV-9277 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action alleging that Defendants "are robbing [her] in violation of the Hobbs Act . . .[1]8 U.S.C. § 1951." By order dated November 9, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Regina Lewis participates in a supported housing program operated by Independent Living, Inc. ("Independent Living") (ECF 2 at 4.) Plaintiff attaches to her complaint a July 25, 2018 letter from Independent Living's program manager, which informs Bourne & Kenney Apartments that Independent Living will "be responsible for paying [to the landlord] the full amount of the rent totaling $997.00 on a monthly basis until Regina secures her own benefits." (*Id.*) The letter indicates that "[o]nce Regina secures benefits, [Independent Living]

will calculate her portion of the rent, which should be 30% of her income and [it] will pay the remainder of the rent total." (*Id.*)

Plaintiff applied to the Orange County Department of Social Services (DSS) for a monthly public assistance grant of $412. She alleges that she authorized $300 of this grant to be paid "directly to [her] landlord, Bourne and Kenney." (*Id.* at 2.) But Plaintiff's landlord never received money from DSS, and instead Independent Living, Inc., received $300 from DSS even though it "is not [her] landlord." (*Id.*)

Plaintiff asserts that "the Social Security Administration and [Administrative Law] Judge Gallagher are robbing" her, in violation of the Hobbs Act, 18 U.S.C. § 1951. (*Id.* at 1.) Plaintiff receives Supplemental Security Income (SSI), and DSS seeks "to recoup $8,213.95," even though Plaintiff never authorized DSS to pay Independent Living on her behalf. (*Id.*) Plaintiff has been threatened with "discharge from the SPOA rental subsidy program" if she "refused to accept DSS." Moreover, "[a]ll three programs, SPOA, Independent Living and DSS . . . acted in concert to rob" her. (*Id.*)

Plaintiff contends that there is nothing to "justify the kickback to Independent Living," and that "DSS stole from" her. In Plaintiff's view, "[t]his is money laundering, and every transfer of $300.00 per month to Independent Living constitutes interstate commerce violations, in violation of 18 U.S. Code § 875, Interstate communications 18 U.S. Code § 1349. Wire fraud in violation of 18 U.S. Code § 1343 and Bank fraud in violation of 18 U.S. Code § 1344. Mail fraud 18 U.S. § 1341." (*Id.* at 2-3.)

## DISCUSSION

"[T]he Social Security Administration ("SSA") is allowed . . . to use a portion of an SSI recipient's initial, retroactive SSI award—covering the period when the applicant's SSI application was pending—to reimburse states and their political subdivisions for interim

3

assistance benefits they have provided to the SSI applicant." *Warren v. Roberts*, No. 15-CV-7850 (NRB), 2017 WL 2782176, at *1 (S.D.N.Y. June 12, 2017). As a condition of eligibility for State public assistance, applicants must "sign an [interim assistance reimbursement (IAR)] authorization, permitting the local social services districts to receive IAR from SSA for state and local public assistance funds expended during the pendency of the applicants' SSI applications." *Id.* at *3. The "decision to withhold SSI payments for the purpose of reimbursing states for interim assistance is not subject to judicial review. 42 U.S.C. § 1383(g)(5)." *Id.* at *7 (granting motion to dismiss for lack of jurisdiction).[1]

The Court therefore lacks jurisdiction over Plaintiff's claims that defendants have "robbed" her of money from her initial social security payment by repaying to DSS the interim assistance that she received while awaiting SSI benefits. *See, e.g.*, *Jones v. Comm'r of Soc. Sec.*, No. 17-CV-6558 (CJS), 2017 WL 6372504, at *6 (W.D.N.Y. Dec. 12, 2017) (holding that under 42 U.S.C. § 1383(g)(5), the court "lacks subject matter jurisdiction over Plaintiff's attempt to recoup the $9,838.18 that was deducted from his SSI back payment" and dismissing *pro se* plaintiff's claims "that the Commissioner of Social Security and Monroe County Department of Human Services improperly confiscated [SSI] benefits from him"); *Ortega v. New York State Office of Temp. Disability Assistance*, No. 18-CV-7293 (KAM) (RER), 2020 WL 1929067, at *3

---

[1] The Social Security Act provides: "The provisions of subsection (c) [providing that the Commissioner's final decision is subject to judicial review] shall not be applicable to any disagreement concerning payment by the Commissioner of Social Security to a State pursuant to the preceding provisions of this subsection [governing reimbursement to States for interim assistance payments] nor the amount retained by the State (or political subdivision)." 42 U.S.C. § 1383(g)(5). Federal regulations require states to hold hearings if an applicant wishes to challenge a state's decision "regarding the amount of the repayment the State keeps or the amount of any excess the State pays to you" from the SSA reimbursements. 20 C.F.R. § 416.1920. The regulations explicitly provide: "You are not entitled to a Federal hearing on the State's actions regarding repayment of interim assistance." *Id.*

4

(E.D.N.Y. Apr. 21, 2020) ("[T]he plain language of Section 1383(g)(5), considered in context with the rest of the statute, demonstrates Congress's intent to place plaintiffs' claims outside this Court's subject matter jurisdiction.").

Moreover, Plaintiff's allegations seeking to prosecute criminal charges against defendants under various criminal statutes must also be dismissed as frivolous. *See Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) (holding that "the decision to prosecute is solely within the discretion of the prosecutor"); *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972) (holding that prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court."). The Court therefore dismisses as frivolous Plaintiff's claims seeking to prosecute Defendants for violations of the Hobbs Act and other federal criminal statutes based on allocation of her public benefit payments.

The Second Circuit has held that courts should dismiss without prejudice claims of incompetent persons who appear without a guardian *ad litem* or counsel. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 135 (2d Cir. 2009). Because the Court does not resolve Plaintiff's claim on the merits, it need not address the issue of Plaintiff's competency. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (dismissal of an IFP complaint on ground of frivolousness is not a dismissal on the merits). In an abundance of caution, however, the Court dismisses Plaintiff's claims without prejudice. *See Berrios*, 564 F.3d at 135. Should Plaintiff file an action that is not meritless on its face, the Court will revisit the issue of Plaintiff's competency.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B)(i).

SO ORDERED.

Dated:   November 9, 2020
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.